Case 4:20-cv-00475 Document 19 Filed on 11/29/21 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| ANTHONY GREEN, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-cv-00475 |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

Plaintiff Anthony Green ("Green") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Green and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 17, 18. After reviewing the briefing, the record, and the applicable law, Green's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Green filed an application for supplemental security income under Title II of the Act on December 14, 2017, alleging disability beginning on April 13, 2017. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Green was not disabled. Green filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do [his] past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Green had not engaged in substantial gainful activity "since April 13, 2017, the alleged onset date." Dkt. 15-3 at 17.

The ALJ found at Step 2 that Green suffered from "the following severe impairments: diabetes mellitus with neuropathy, heart disorder, hypertension, and vision disorder." *Id.* at 18 (footnote omitted).

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Green's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except should never climb ladders, ropes or scaffolds; and should avoid all exposure to unprotected heights and hazardous machinery.

*Id.* at 18–19 (footnote omitted).

At Step 4, the ALJ found that Green "is unable to perform" his past work as a "delivery driver and appliance installer." *Id.* at 22. And, at Step 5, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Green] can perform." *Id.* at 23.

## DISCUSSION

This social security appeal raises three issues: (1) did Green knowingly and intelligently waive his right to counsel; (2) did the ALJ fail to fully develop the record concerning Green's mental impairment; and (3) is the ALJ's RFC supported by substantial evidence. I address each issue in turn.

### A. WAIVER OF RIGHT TO COUNSEL

During the hearing before the ALJ, Green waived his right to counsel and proceeded *pro se*. On appeal, Green has secured counsel. Green now argues that the ALJ failed to orally provide adequate notice of his right to counsel at the administrative hearing because the ALJ failed to explain "the benefits of having an attorney" and that, "in some cases, counsel is available free of charge." Dkt. 17 at 5. In other words, Green argues that he did not knowingly and intelligently waive counsel at the administrative hearing. I disagree.

A disability claimant has a statutory right to representation in social security proceedings and must receive adequate notice of his right to representation. *See* 42 U.S.C. § 406; 20 C.F.R. §§ 404.1706, 404.1720; and 416.1506, 416.1520; *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003). A claimant may waive the right if he is given sufficient information to enable him to decide intelligently whether to retain counsel or proceed *pro se*. *See Norden v. Barnhart*, 77 F. App'x 221, 223 (5th Cir. 2003).

> To ensure a claimant receives adequate notice to effect a valid waiver of right to counsel, an ALJ must apprise a claimant of (a) how an attorney can assist claimant in the hearing; (b) sources of free counsel and possibility of contingency arrangements; and (c) limitation of attorney fees to twenty-five percent of past due benefits.

*Freeman-Park v. Barnhart*, 435 F. Supp. 2d 597, 601 (E.D. Tex. 2006). "An ALJ should provide pre-hearing written notification of a claimant's right to counsel, and also ascertain at the hearing whether the claimant had a meaningful opportunity to secure counsel and, if not, consider adjourning the hearing to

4

provide that opportunity." *Ivanova v. Astrue*, No. 3:09–CV–2349–K, 2010 WL 2228511, at *8 (N.D. Tex. May 20, 2010) (quotation omitted). "The Fifth Circuit has held that the administration's written notices—coupled with an ALJ's notice at the administrative hearing of the right to counsel—is sufficient to inform a claimant of [his] statutory right to counsel." *Owens ex rel. Z.S.O. v. Colvin*, No. 3:12-CV-00151-CWR, 2013 WL 5406991, at *3–4 (S.D. Miss. Sept. 25, 2013) (citing *Castillo*, 325 F.3d at 552).

I have reviewed the administrative record. Contrary to his arguments on appeal, Green received several written notices providing detailed information about his right to counsel prior to the administrative hearing. Specifically, Green received notice in the two following forms: Notice of Disapproved Claim and Notice of Reconsideration. *See* Dkt. 15-14 at 2–5, 9–11. In both forms, Green was advised:

> You can have a friend, lawyer or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.
>
> If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due Social Security benefits to pay toward the fee.

*Id.* at 3, 9–10. Moreover, in the Request for Hearing by Administrative Law Judge form, Green made the following representation:

> I UNDERSTAND I HAVE A RIGHT TO BE REPRESENTED AND THAT IF I NEED REPRESENTATION, THE SOCIAL SECURITY OFFICE OR HEARING OFFICE CAN GIVE ME A LIST OF LEGAL REFERRAL AND SERVICE ORGANIZATIONS TO ASSIST ME IN LOCATING A REPRESENTATIVE.

*Id.* at 13. On top of all of this, at the administrative hearing, the ALJ advised Green of his right to be formally represented by an attorney or non-attorney representative. *See* Dkt. 15-12 at 14. The ALJ specifically explained:

5

> They can assist by making sure you have a complete file, but they can charge, and things for expenses like copy charges and postage charges, I don't have any control over that.
>
> ...
>
> However, before a representative can take a fee, that does have to be approved by me first.
>
> ...
>
> So that fee is also set by federal regulation, and it's 25 percent of any back-due benefit, up to a maximum of $6,000. It is also considered a contingent fee, meaning that there is no fee unless you receive benefits.

*Id.* at 14–15. Then the ALJ inquired if Green understood that he had the right to counsel. *See id.* at 15. The ALJ further stated "if you want to have some time to get a representative, I want you to have that . . . . [a]nd we would simply just postpone today's hearing to a later date. Or we can go forward today without a representative." *Id.* Finally, the ALJ asked Green if he understood that he had the right to be represented. *See id.* Green responded, "Yes sir, I understand." *Id.* at 16. The ALJ inquired further, "do you wish to proceed without a representative or would you like to have a little bit of time to look to get a representative?" *Id.* Green talked it over with his wife before deciding to proceed without a representative. *See id.* at 16–17.

Accordingly, I conclude that the information provided by the prehearing written notices, along with the ALJ's oral reminder at the hearing of Green's right to counsel, sufficiently informed Green of his right to an attorney. Thus, Green validly waived his right to counsel and decided to proceed *pro se*.

**B.    MENTAL IMPAIRMENT AND DEVELOPING THE RECORD**

Green argues the ALJ erred by failing to acknowledge his mental impairment (depression) and failing to more fully develop the record related to that impairment. Green essentially contends that although he did not identify any mental impairment in his application for benefits, the fact that his wife used the term "depression" in her hearing testimony required the ALJ to consider whether

6

he suffered from a mental impairment and to further develop the record regarding his mental impairment. Green is mistaken.

An ALJ does not err by failing to consider a possible mental impairment where record references to the impairment are isolated and sporadic. *See Copenhaver v. Astrue*, No. A-09-CA-838-SS, 2011 WL 891617, at *4 (W.D. Tex. Mar. 11, 2011) (discussing Fifth Circuit cases finding no error where ALJ failed to consider mental impairment that was not raised in the disability application and record contained only isolated references to mental impairments and failed to reflect treatment for alleged mental conditions).

At best, the record in this case includes isolated references to a mental impairment. For example, Green did not assert in his application for benefits that he suffers from a mental impairment. Importantly, during the hearing, the ALJ expressly prompted Green as follows: "Let's start talking about what made you have to stop working and why you can't work." Dkt. 15-12 at 23. In response, Green discussed his vision problems, neuropathy, diabetes, hypertension, heart problems, dizziness, and fatigue. *See id.* at 23–32. However, Green did not claim that any mental impairment affected his ability to work. Depression only came up during the testimony of Green's wife; and, even then, she did not link her usage of the term "depression" with any actual medical records or diagnosis. Given these facts, Green "has failed to demonstrate the ALJ erred by failing to consider a possible mental impairment." *Gonzales v. Kijakazi*, No. 4:20-CV-00270, 2021 WL 3777181, at *5 (S.D. Tex. Aug. 3, 2021).

Green's contention that the ALJ failed to fully and fairly develop the record fares no better. As explained by the *Gonzales* court:

> The ALJ's duty to investigate does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record. The ALJ is required to further develop the record only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment. Isolated

7

> comments in the record are insufficient, without further support, to raise a suspicion of a non-exertional impairment.

*Id.* at *6 (cleaned up). As discussed above, Green did not identify any mental impairment as a basis for disability in his application nor did he raise it during the hearing before the ALJ. The sole evidence of mental impairment during the relevant time period is his wife's testimony that he is depressed. Under these circumstances, the ALJ was not obligated to more fully develop the record with respect to Green's alleged mental impairment.[2]

C.  **SUBSTANTIAL EVIDENCE AND THE ALJ'S RFC DETERMINATION**

Green claims that the ALJ's RFC is unsupported by substantial evidence because "the ALJ fail[ed] to include all limitations supported by the record in his RFC finding." Dkt. 17 at 12. Specifically, Green contends that the ALJ failed to include greater limitations concerning his mental impairment, vision impairment, and neuropathy. I disagree.

"Under the regulations and our case law, the determination of [a claimant's RFC] is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012). *See also Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985) ("The ALJ is responsible for assessing the medical evidence and determining the

---

[2] Green also argues that remand is required because he submitted new, material medical evidence to the Appeals Council. He is mistaken. "The Appeals Council is permitted to consider additional evidence only if it is new, material, and related to the period on or before the ALJ's hearing decision." *Martinez v. Astrue*, 252 F. App'x 585, 587 (5th Cir. 2007) (citing 20 C.F.R. §§ 404.970(b), 404.976(B)). The problem here is the specific medical evidence Green references is dated February 15, 2019, which is after the ALJ's decision. *See* Dkt. 15-4 at 12. The Appeals Council found that the new evidence "[did] not relate to the period at issue" and, therefore, "[did] not affect the decision about whether you were disabled beginning on or before December 27, 2018." Dkt. 15-3 at 3. Although Green argues the 2019 record relates back to February 2017, the document contains no language indicating that it relates to the period for which benefits was denied. Consequently, because the new medical evidence does not "relate to the period for which benefits [was] denied, they are immaterial" and do not warrant remand. *Johnson v. Saul*, No. CV 19-11385, 2020 WL 5505945, at *8 (E.D. La. Mar. 3, 2020) (collecting cases).

claimant's [RFC]."). The ALJ determines a claimant's RFC by looking at the entirety of the medical evidence, testimonial evidence, and other evidence in the record. *See Gonzales v. Colvin*, No. 3:15-CV-0685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016); 20 C.F.R. § 404.1545(a)(1). The "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *5 (N.D. Tex. Mar. 26, 2014).

I have fully considered the nuances of Green's argument. The problem with his argument is that it essentially asks me to do that which I cannot: reweigh the evidence. In my view, the ALJ's decision contains a very thorough recitation and discussion of the submitted medical records and opinions, as well as the testimonial evidence offered at the hearing. Green does not dispute that the ALJ considered a wide variety of evidence. Instead, he seeks to home in on certain evidence and testimony, while arguing the ALJ improperly ignored or discounted that evidence. Essentially, he's dissatisfied with how the ALJ resolved certain conflicts in the record evidence. Even if I would have resolved the conflicts differently, I am not empowered to do so now. *See Ramirez*, 606 F. App'x at 777. The sole question I must answer is whether the evidence relied upon by the ALJ adequately supports his determination. *See id.* In my view, the answer is clearly yes. The ALJ thoroughly considered, weighed, and resolved conflicts in the record evidence, and substantial evidence supported his conclusions.

## CONCLUSION

For the reasons provided above, Green's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**. An entry of final judgment will be separately entered.

SIGNED this 29th day of November 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE